**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PIKKII USA INC.,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

Case No. 26-cv-4998

**PRELIMINARY INJUNCTION ORDER**

## PRELIMINARY INJUNCTION ORDER

The Court has considered Plaintiff's Motion To Show Cause As To Why A Preliminary Injunction Should Not Issue (the "Motion to Show Cause") and oral arguments made in the hearing. As stated on the record at the hearing on July 16, 2026, the Court concludes that, for good cause shown, Plaintiff is entitled to preliminary injunctive relief as follows. The Court's preliminary findings of fact and conclusions of law will issue by separate opinion to follow.

1. The injunction previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and 17 U.S.C. § 502. Plaintiff's Motion to for a Preliminary Injunction is hereby **GRANTED** and it is **ORDERED** as follows:

2. As sufficient cause has been shown, Defendants COUIRAGEOUS, Egoryspecies, EXCEPTIONI, PRESERVETY, and Wholetotal, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this action or until further order of the Court:

a. importing, manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b. manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the PIKKII Works, or any substantially similar copies or derivative works thereof, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. using the PIKKII Works on or in connection with any Seller Alias that any Defendant may own, operate, or control on any Marketplace;

e. any and all use of the PIKKII Works as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and;

f. altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**<u>Asset Restraint</u>**

3. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain

in place through the pendency of this litigation, including that:

a. within five (5) days of receipt of service of this Order, (i) PayPal, Inc. ("PayPal"), (ii) Payoneer, Inc. ("Payoneer"), (iii) Ping Pong Global Solutions Inc. ("Ping Pong"), (iv) Coinbase Global, Inc. ("Coinbase"), (v) Walmart, Inc. ("Walmart"), and (vi) Shopify Inc. ("Shopify," including its Shop Pay service) (collectively referred to as the "Financial Institutions") and domain registrars shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. Any additional financial institution or payment processor subsequently identified as holding Defendants' accounts or assets shall, upon service of this Order, be subject to the same obligations as the Financial Institutions set forth herein. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

**<u>Expedited Discovery</u>**

4. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions, domain registrars and other third parties that have discoverable contact and financial information related to Defendants shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and

mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

c. Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

5. As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a. Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

**Security Bond**

6. The $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

**Application to Vacate or Dissolve**

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

Hon. Dale E. Ho
New York, NY
Dated: July 17, 2026
UNITED STATES DISTRICT JUDGE

**Schedule A**

| Doe No | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | COUIRAGEOUS | Standalone | couirageous.com |
| 2 | Egoryspecies | Standalone | egoryspecies.com |
| 3 | EXCEPTIONI | Standalone | exceptioni.com |
| 4 | PRESERVETY | Standalone | preservety.com |
| 5 | Wholetotal | Standalone | wholetotal.com |