UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIKKII USA INC.,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendant(s).

26 Civ. 4998 (DEH)

**OPINION**

DALE E. HO, United States District Judge:

This case concerns allegations of copyright infringement brought by Plaintiff Pikkii USA Inc. ("Plaintiff" or "Pikkii") against five Defendants alleged to be acting in concert. On June 22, 2026, this Court issued a temporary restraining order and ordered Defendants to show cause for why a preliminary injunction should not issue. The Court held a hearing on July 16, 2026, at which the five Defendants appeared: COUIRAGEOUS, EGORYSPECIES, EXCEPTIONI, PRESERVETY, and WHOLETOTAL. Based on the record evidence, the Court concluded that Pikkii has made a sufficient showing for preliminary injunctive relief and issued an oral ruling to that effect at the conclusion of the July 16 hearing. The Court issued an Order memorializing the preliminary injunction the following day, on July 17, 2026, noting that a written Opinion would follow. *See* Order, ECF No. 34. The Court now issues this Opinion, and makes the following preliminary findings of fact and conclusions of law.

## FINDINGS OF FACT

"On a motion for preliminary injunction, if essential facts are in dispute, there must be a hearing and appropriate findings of fact must be made." *Nat'l Union Fire Ins. Co. of Pittsburgh,*

*PA v. Stucco Sys's., LLC*, 289 F. Supp. 3d 457, 463 (S.D.N.Y. 2018).[1] "After the evidentiary hearing is conducted, pursuant to Federal Rules of Civil Procedure 52(a) and 65(d), the Court is required to set forth the findings of fact and conclusions of law which support its order." *Telebrands Corp. v. Guangzhou Alpaca Home Furnishing Co*. ("*Telebrands I*"), No. 25 Civ. 3646, 2025 WL 1591970, at *2 (S.D.N.Y. June 5, 2025) (citing *Republic of Philippines v. N.Y. Land Co.*, 852 F.2d 33, 37 (2d Cir. 1988). Based on the Complaint ("Compl."), ECF No. 1, the Application, ECF No. 8, the Opposition, ECF No. 27, and all declarations and exhibits attached thereto, the Court makes the following findings of fact.

Plaintiff Pikkii USA Inc. is a multinational gift and design company founded in 2016 based in London, England. Pikkii is the owner of several copyright registrations. At issue here are Registration Nos. VA 2-472-637, VA 2-472-632, and PA 2-558-058 (collectively, the "PIKKII Works"). These registrations comprise photos and videos of Pikkii products, which all appear to be foldable paper dinosaurs, cats, and dogs, and an instructional video for how to fold these products. Compl. ¶ 9. It is undisputed that these registrations were valid at the time of infringement and filing of this lawsuit.

The full list of Defendants is available at Schedule A, ECF No. 12 at 19, consisting of Defendants COUIRAGEOUS, EGORYSPECIES, EXCEPTIONI, PRESERVETY, and WHOLETOTAL. All Defendants appeared at the hearing through counsel.

Plaintiff alleges that all Defendants sell counterfeit products using Pikkii's copyrighted images and videos, passing these fake, inferior products off as legitimate Pikkii products. Plaintiff also alleges that Defendants act in concert through a shell of numerous different storefronts that

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated. All references to rules are to the Federal Rules of Civil Procedure.

work together to sell infringing products, including but not limited to the Defendants. The use of these rapidly created aliases frustrates takedown efforts, as the moment one storefront is closed, another can quickly open. Plaintiff has provided significant evidence that these numerous storefronts serve no purpose other than to evade enforcement of copyright protections. The Court finds that Defendants constitute an organized group of infringers operating in deliberate concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

The Court also finds that each Defendant offers for sale or has sold infringing products into the United States and/or customers located in New York.

**CONCLUSIONS OF LAW**

**I. Service**

To begin, the Court finds that electronic service in this matter is authorized by Article 15 of the Hague Convention, which states "[n]otwithstanding the provisions [regarding service] of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures." Art. 15, 20 U.S.T. 361. Because Defendants are "located in China, a signatory to the Hague Convention, Plaintiff must attempt to comply with Convention requirements before seeking alternative service through the Court, unless an exception to the Convention applies." *Footprint Int'l, LLC v. Footprint Asia Ltd.*, No. 24 Civ. 93, 2024 WL 1556347, at *3 (D. Ariz. Apr. 9, 2024). One such exception is cases of "urgency," where the Convention allows courts to permit electronic service in the event of "irreparable harm in the time it would take to serve the defendant under the Convention." *Id.* (collecting cases). And Article 15 applies when, as here, "service through China's central authority would take many months" and the plaintiff alleges it would "face[ ] irreparable threats to its brand, business interests, and reputation without immediate court intervention." *King Spider LLC v. 884886 CH Store*, No. 23 Civ. 3472, 2024 WL 5145837, at *1

(S.D.N.Y. Dec. 17, 2024). Because the Court finds a likelihood of irreparable harm to Pikkii's brand, business interests, and reputation in this case, the Court concludes that Article 15 authorizes electronic service on Defendants.

## II. Personal Jurisdiction

The Court concludes that it has jurisdiction over the Defendants in this matter To begin, each of COUIRAGEOUS (Reply Declaration of Shengmao Mu ("Mu Reply Decl."), Ex. L, ECF No. 30-1), PRESERVETY (Mu Reply Decl., Ex. O) , and Wholetotal (Mu Reply Decl., Ex. P) are subject to jurisdiction under C.P.L.R. § 302(a)(1) for accepting orders for allegedly infringing merchandise, issuing order confirmations, and accepting payment through PayPal from customers using New York shipping addresses. *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024). The Court concludes that exercising jurisdiction comports with due process due to this purposeful availment of the privilege of conducting business in New York.

The Court concludes that the remaining Defendants are subject to jurisdiction under Rule 4(k)(2). Rule 4(k)(2) applies where (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) exercising jurisdiction is consistent with the Constitution and laws of the United States. *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 125 (S.D.N.Y. 2020). This action arises under the Copyright Act, 17 U.S.C. § 101. "In this Circuit, to meet the second requirement of Rule 4(k)(2), plaintiffs need to certify that, to their knowledge, the foreign defendant is not subject to jurisdiction in any other state," *Astor Chocolate Corp.*, 510 F. Supp. 3d at 125, which Plaintiff has done here. Declaration of Shengmao Mu ¶ 12, ECF No. 11. Defendants have identified no forum where they would be subject to jurisdiction and declined to concede such jurisdiction when asked directly by the Court at the hearing. And each Defendant systematically directed its e-commerce activity to United States consumers by operating an interactive store that accepted U.S. dollars, offered delivery to the United States, accepted

payment through PayPal, and displayed the copyrighted marketing images to sell the accused products. Compl. ¶¶ 2, 5, 14, 23-24, 33; *see also* ECF No. 17-1. These allegations of United States sales and infringing product availability are not disputed. And Courts in this District have found materially similar allegations sufficient under Rule 4(k)(2). *See, e.g., NASCAR, LLC v. 1Nationdesign*, 2026 WL 1759172, at *1 (S.D.N.Y. June 18, 2026) (exercising Rule 4(k)(2) jurisdiction at the preliminary injunction stage where foreign e-commerce sellers offered United States shipping, displayed prices in U.S. dollars, accepted payments through platforms including PayPal, and did not identify another state forum). Accordingly, the Court concludes that all Defendants are subject to personal jurisdiction in the Southern District of New York.

## III. Injunction Factors

In considering an application for preliminary injunction, the Court must evaluate the plaintiff's showing for "(1) a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Telebrands I*, 2025 WL 1591970, at *4 (citing *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)).

### A. Likelihood of Success

To establish copyright infringement, the two elements that must be proven are (1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "Ownership 'vests initially in the author or authors of the work,' and a copyright registration provides prima facie evidence of ownership." *Hutson v. Notorious B.I.G., LLC*, No. 14 Civ. 2307, 2015 WL 9450623, at *3 (S.D.N.Y. Dec. 22, 2015) (citing 17 U.S.C. § 201(a) and *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992) (discussing 17 U.S.C. § 410(c)).

Here, it is undisputed that Plaintiff has obtained a valid federal copyright registration for each of the PIKKII Works which establishes prima facie ownership of a valid copyright. *See* Compl., Ex. 1. In addition, Plaintiff has provided detailed screenshot evidence demonstrating that Defendants are selling Infringing Products that incorporate direct, substantially identical copies or derivatives of the PIKKII Works without authorization. *See* Compl., Ex. 2. The evidence shows clear reproduction and use of Plaintiff's protected artistic elements, satisfying the second element of copyright infringement.

Defendants do not dispute the validity of these copyrights. Rather, they note that the majority of the asserted works remained unregistered for approximately seventeen to nineteen months following their initial publication. While true that infringement before registration yields reduced damages under the Copyright Act, Section 412, by its terms, limits only statutory damages and attorney's fees for specified pre-registration infringement. It does not bar an injunction under § 502 or actual damages and the infringer's profits under § 504(a)-(b). Accordingly, the Court concludes that Plaintiff has established a likelihood of success on the merits of its Copyright claim.

**B. Irreparable Harm**

Next, the court must assess the balance of hardships between the plaintiff and defendant. *Salinger*, 607 F.3d at 81. "In the context of copyright infringement cases, the harm to the plaintiff's property interest has often been characterized as irreparable in light of possible market confusion." *Id.* "Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Broad. Brook Ventures LLC v. DW Russell LLC*, No. 25 Civ. 893, 2026 WL 472423, at *5 (S.D.N.Y. Feb. 19, 2026).

Based on the showing of likely infringement, the Court concludes that irreparable harm is present and is clearly linked to Defendants' infringement. Defendants directly market their products as identical to those of Plaintiff despite being inferior knockoffs, leading to a likelihood

of confusion and damage to Pikkii's reputation. Accordingly, the Court finds that Pikkii has established irreparable harm.

**C. Balance of the Equities and Public Interest**

"In determining whether the balance of the equities tips in the plaintiff's favor and whether granting the preliminary injunction would be in the public interest, the Court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief, as well as the public consequences in employing the extraordinary remedy of injunction." *Bionpharma Inc. v. CoreRx, Inc.*, 582 F. Supp. 3d 167, 178 (S.D.N.Y. 2022).

Absent an injunction, Plaintiff will continue to suffer reputational harm and impact to its market share, as outlined above. Further, "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors." *Apple Inc. v. Samsung Electrs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015). The Court has concluded that Defendants have likely willfully infringed the valid copyrights of Plaintiff. Therefore, the balance of harms "cannot favor a defendant whose injury results from the knowing infringement" of the Plaintiff's intellectual property. *Malarkey-Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n*, 929 F. Supp. 473, 478 (D.D.C. 1996); *Estee Lauder, Inc. v. Watsky*, 323 F.Supp. 1064, 1068 (S.D.N.Y. 1970) ("To the plaintiff its name is at stake, and continued injury to its reputation and good will would be a far more serious blow to it than the curtailment of the sale by the defendants would be to them.").

Plaintiff has adequately shown that it is likely to suffer irreparable harm as a result of Defendants' infringement. The public interest undoubtedly favors enforcement of Plaintiff's valid copyrights. The Court concludes that the balance of hardships favors Plaintiff and that injunctive relief would not disserve the public interest. Accordingly, the preliminary injunction should be granted.

## IV. Asset Restraint

Attachment is available in federal court "under the law of the state where the court is located." Fed. R. Civ. P. 64. Under Article 62 of the New York Civil Practice Law and Rules, a plaintiff seeking attachment must establish one of five statutory bases for attachment, among them that "the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state." N.Y. C.P.L.R. 6201(1). In addition to one of those grounds, the plaintiff must show that (1) "there is a cause of action," (2) "it is probable that the plaintiff will succeed on the merits," and (3) "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." N.Y. C.P.L.R. 6212(a). A plaintiff must further demonstrate "an identifiable risk that the defendant will not be able to satisfy the judgment." *VisionChina Media Inc. v. S'holder Representative Servs., LLC*, 967 N.Y.S.2d 338, 345-46 (N.Y. App. Div. 2013). "The risk should be real" and may include "a defendant's financial position," "past and present conduct," "history of paying creditors," or a "stated or indicated intent to dispose of assets." *Id.* at 346.

The Court concludes that, on the current record, Plaintiff is entitled to an order of attachment against Defendants' assets. Plaintiff has provided specific allegations as to Defendants' likely inability or unwillingness to pay any judgment in this case, provided significant evidence of flight and avoidance of judgments in similar infringement matters by similar sellers, and has provided evidence that these specific sellers at issue in this case are working in concert with others to orchestrate a coordinated scheme to avoid liability. Despite the fact that the Defendants have appeared before the Court and represented that they are willing to engage in further proceedings, the Court concludes that an order of attachment is proper to protect Pikkii's ability to enforce its legally protected copyrights. Accordingly, the sought order of attachment is **GRANTED**, and the Court will maintain the asset restraint against all Defendants. However, this

Order is **WITHOUT PREJUDICE** to a motion to vacate or modify the scope of the attachment order based on further record development.

## CONCLUSION

To summarize, the Court concludes that Pikkii has successfully demonstrated that it is likely to succeed on its copyright infringement claim and that the equitable factors favor preliminary injunctive relief. The Court also concludes that Pikkii has made the requisite showing for an order of attachment on Defendants' assets. Thus, Pikkii's motion for preliminary injunctive relief is **GRANTED**.

The Clerk of Court is respectfully directed to terminate ECF No. 7.

SO ORDERED.

Dated: July 21, 2026

New York, New York

DALE E. HO
United States District Judge