DGW KRAMER LLP
www.dgwllp.com

45 Rockefeller Plaza 20th Floor
New York, NY 10111
Jacob Y. Chen
jchen@dgwllp.com
T: 917-983-2806

**In light of Defendants' stated intent to comply with the discovery requests by August 31, 2026, the motion to compel is DENIED WITHOUT PREJUDICE to renewal should Defendants fail to produce the requested documents. The Clerk of Court is respectfully directed to terminate ECF No. 40.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: August 25, 2026
New York, New York

August 24, 2026

Hon. Dale E. Ho
Courtroom 905
United States Courthouse
500 Pearl Street
New York, New York, 10007

Re: *Pikkii USA Inc. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint.* Case No. 1:26-cv-04998-(DEH)

Your Honor,

The undersigned are counsel for Defendants COUIRAGEOUS, EGORYSPECIES, EXCEPTIONI, PRESERVETY, and WHOLETOTAL (the "Defendants") in this matter.

Defendants respectfully submit this letter in response to Plaintiff's August 20, 2026 letter seeking to compel compliance with the Court's expedited discovery order. ECF No. 40.

**I. Defendants Have Participated in Discovery and Are Completing Their Responses**

Plaintiff's characterization of a "complete failure" to comply with expedited discovery omits Defendants' prior production. On July 22, 2026, Defendants produced search-process documents, revenue and profit summaries, complete sales records, and other requested information through NextPoint, and advised Plaintiff that they would supplement as appropriate.

Defendants are preparing formal responses and objections to Plaintiff's July 31 requests and collecting additional responsive documents. Counsel has conferred with each Defendant and is working to serve the responses and substantially complete the supplemental production by August 31, 2026.

**II. A Forty-Eight-Hour Deadline Is Impracticable**

The scope of Plaintiff's discovery is substantial. Each Defendant was served with 19 interrogatories and between 43 and 45 requests for production, totaling approximately 95 interrogatories and more than 200 document requests across the five Defendants. The requests extend well beyond records concerning the products at issue and seek, among other things, all current and former sales channels, domains, and online accounts since 2020; payment and bank accounts regardless of their connection to the products at issue; prior proceedings and intellectual-property complaints; shared operational resources; transfers of revenues; and alleged "enterprise" or coordinated activities. Because the five Defendants are foreign entities, counsel must also coordinate with them to collect, review, and, where necessary, translate responsive information.

Under these circumstances, Plaintiff's requested order requiring complete verified answers and production of all responsive documents within forty-eight hours would not provide a practicable opportunity to collect and review the requested information and could result in incomplete or inaccurate responses. Defendants therefore respectfully request a short extension through **August 31, 2026** to serve their written responses and objections and substantially complete their supplemental production. Defendants are also prepared to meet and confer promptly with Plaintiff regarding the scope and sequencing of the remaining production.

**III. The Existing Injunction Eliminates Any Present Urgency**

Defendants have not yet been served through the Hague Service Convention. The Court's exercise of authority over them at this stage, as previously stated during oral arguments, rests on Article 15's urgency exception: "Notwithstanding the provisions of the preceding paragraphs the judge may

order, in case of urgency, any provisional or protective measures." Hague Service Convention art. 15. The exception permits provisional relief despite incomplete Hague service; it does not dispense with Hague service.

The Court has already granted that provisional relief. The preliminary injunction prohibits Defendants from offering for sale or selling the allegedly infringing products and restrains Defendants' PayPal and other accounts and assets. ECF No. 34 ¶¶ 2–3. That relief has therefore addressed the asserted urgency.

Plaintiff's letter does not allege any violation of the injunction or any continuing wrongful conduct. With the challenged sales enjoined and the relevant assets restrained, there is no present exigency warranting complete, verified responses to more than 200 document requests within forty-eight hours. Article 15's limited exception does not make every discovery dispute an emergency. A brief extension through August 31, 2026 would not permit ongoing infringement, allow restrained assets to be dissipated, or otherwise prejudice Plaintiff.

**IV. Defendants' Objections Should Not Be Deemed Waived**

Defendants further respectfully request that the Court decline to deem all objections waived merely because they were not served within the expedited response period. The delay was inadvertent rather than willful, Defendants acted promptly upon learning of the issue, and many of Plaintiff's requests raise substantial questions of relevance, proportionality, burden, confidentiality, and scope under Rule 26(b)(1). Defendants do not seek to use the missed deadline to delay discovery, but respectfully submit that the oversight should not result in wholesale production of information otherwise outside the permissible scope of discovery.

**V. Relief Requested**

Accordingly, Defendants respectfully request that the Court permit Defendants until **August 31, 2026** to complete their written responses and substantial supplemental production, decline to impose sanctions or deem Defendants' objections categorically waived, and direct the parties to meet and confer regarding any remaining disputes concerning the scope of Plaintiff's requests.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Jacob Chen*

Jacob Y. Chen (NY #5019286)
Email: jchen@dgwllp.com
Telephone: 917-983-2806

**DGW KRAMER LLP**
45 Rockefeller Plaza, 20th Floor,
New York, NY 10111
Counsel for Defendants